## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

**CIVIL ACTION NO. _____**

| | |
|---|---|
| HARRAL SERGEANT, Individually and on behalf of others similarly situated, | |
| Plaintiff | **COMPLAINT, JURY CLAIM AND REQUEST FOR CLASS ACTION CERTIFICATION** |
| v. | |
| DELTA AIR LINES, INC., | |
| Defendant | |

## INTRODUCTION

The plaintiff, Harral Sergeant, individually and on behalf of a class of persons with disabilities who use wheelchairs or other mobility aids and routinely rely on air lines such as the defendant, Delta Air Lines, Inc., for transportation, is filing this compliant for violations of numerous statutes and regulations such as, but not limited to:

a. 49 U.S.C. Section 41705 (Discrimination Against Handicapped Individuals);

b. 14 C.F.R. Part 382 (Department of Transportation regulation);

c. Rehabilitation Act of 1973 (29 U.S.C. 794a);

d. Americans with Disabilities Act of 1990, as amended (42 U.S.C. § 12133 et. seq.);

e. Maine Consumer Protection Act (ME. Rev. Stat. Ann. Title 5, Section 205-214)

## PARTIES

1. The plaintiff, Harral Sergeant, resides in Hancock, State of Maine, and he files this complaint on behalf of himself and for others similarly situated.

2. The defendant, Delta Air Lines, Inc., is a ("Delta") is a Delaware corporation with its executive offices located at 1030 Delta Boulevard, Atlanta, Fulton County, State of

Georgia.  Delta has duly qualified to do business in the Commonwealth of Massachusetts and has appointed an agent for service of process here.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction in this matter under 28 U.S.C. § 1332 as the plaintiff has citizenship diverse from the defendant and the amount in controversy exceeds $75,000.00 and equitable relief is being sought.  Additional jurisdiction is afforded to the plaintiff  pursuant to the Rehabilitation Act of 1973 (29 U.S.C. 794a) and the Americans with Disabilities Act (42 U.S.C. § 12133 et seq.).

## STATEMENT OF FACTS

3.      On or about April 9, 2008, on a Delta return flight from Tucson, Arizona, through Atlanta, George, then to home to Bangor, Maine (final destination), the plaintiff was put through an ordeal by Delta, which breached his contract of carriage and express and implied warranties and the covenant of good faith and fair dealing owed to him.

4.      Annexed hereto as Exhibit A and incorporated herein is the plaintiff's factual statement of what occurred or transpired that was sent to Delta.

5.      As part of the contract of carriage and incorporated by reference into all passenger airline tickets is that the airline shall fully company with the regulations established by the U.S. Department of Transportation and, in particular, 14 C.F.R. Part 382 and Delta violated said regulations with regard to the plaintiff.

6.      On or about April 18, 2008, the plaintiff, by his legal counsel, sent a demand letter to Delta, which was received by Delta's vice president and general counsel and its performance leader on April 21, 2008.  A copy of the demand letter is marked as Exhibit B, and incorporated hereon.

7.     Delta, which was formerly under the protection of the U.S. Bankruptcy Court, having filed a Chapter 11 Petition, came out of bankruptcy on or about August 30, 2007 but it had failed to make its aircraft handicapped/disabled accessible, in violation of law.

8.     Pursuant to the authority granted by the Air Carrier Access Act of 1986 (49 U.S.C. 41705), the U.S. Department of Transportation promulgated "Non-discrimination on the basis of Disability in Air Travel" rules, which are 14 CFR part 382 (a copy of which is annexed hereto and marked as Exhibit C.

9.     Delta has failed to upgrade its planes to comply with the requirements of 14 CFR part 382 as, for example, on April 19, 2008, Flight 1886, which was a Boeing 757 aircraft, specifically violated this regulation as follows:

a)     382.21, Aircraft Accessibility, requires that at least half of the aisle seats be removable.  This was not the case on any of the flights taken by the plaintiff. None of the armrests were removable.

b)     382.23 requires an aircraft with 60 or more seats to have an onboard wheelchair. The 757 used did not have one.  Also, wheelchair service was not provided for the plaintiff.

c)     382.38 seating accommodations requires those in need of an aisle chair that the carrier must provide an aisle seat with a movable armrest.  This was not provided to the plaintiff.

d)     382.39 Provision of Services and Equipment.  The gate attendant saw that the plaintiff was in a wheelchair and needed an aisle chair to transfer to an airline seat but none was provided until a flight attendant saw the plaintiff waiting while other handicapped passengers were loaded..  This happened April 9th in Atlanta, Ga. flight 1886 and a 757 aircraft.

e)     382.40d requires personnel involved in boarding assistance safeguard the safety and dignity of passengers. The plaintiff was bounced and stuck in aisles and humiliated in front of a plane load of passengers. Neither the plaintiff's safety nor dignity was protected.

f)     382.55 requires awareness and training when accommodating a disabled person. The was not followed as the plaintiff was treated like baggage

## CAUSES OF ACTION

### COUNT I

**(Breach of Contract of Carriage, Express and Implied Warranty
and Covenant of Good Faith and Fair Dealing)**

The plaintiff incorporates by reference and realleges paragraphs 1 through 9, inclusive, as if fully set forth herein.

10.     Accordingly, Delta breached its contract and the covenant of good faith and fair dealing that it owed to the plaintiff as well as express and implied warranties that it owed to the plaintiff, which was reasonably foreseeable by Delta and which proximately caused monetary damages to the plaintiff and others similarly situated.

### COUNT II

**(Negligence)**

The plaintiff incorporates by reference and realleges paragraphs 1 through 10, inclusive, as if fully set forth herein.

11.     By the above-stated actions, the defendant was negligent in that:

a.      The defendant owed a duty to the plaintiff and others similarly situated;

b.      The defendant breached said duty; and

c.      The plaintiff and other similarly situated incurred monetary damages which were proximately caused by said breach.

12.     The specific facts stated in Exhibit A annexed hereto establish that Delta was negligent, which was reasonably foreseeable by Delta and which proximately caused damages to the plaintiff.

## COUNT III

### (Maine Deceptive and Unfair Trade Practices Act)

The plaintiff incorporates by reference and realleges paragraphs 1 through 12, inclusive, as if fully set forth herein.

13.     By the above stated actions or inactions, Delta has committed deceptive and/or unfair trade practices, in violation of Federal and Maine law, such as, but not limited to, 29 USC 794a, Title II of the Americans with Disabilities Act ("ADA"), the State of Maine's Consumer Protection Statute, ME. Rev. Stat. Ann. Title 5, Section 205-214 (Unfair Trade Practices and the Federal Trade Commission Act, Title 49 U.S.C. § 41705 (Discrimination against Handicapped Individuals), the Rehabilitation Act of 1973, 29 U.S.C. 794a and the Americans with Disabilities Act, 42 U.S.C. § 12133 et. seq.

Rehabilitation Action, 29 U.S.C. 794a, and the Americans with Disabilities Act, 42 U.S.C.

14     The plaintiff and others similarly situated have incurred monetary damages as a proximate cause of the above-stated unfair methods of doing business, which were unconscionable, deceptive and unfair acts or practices in Delta's conduct of trade or commerce.

15     In addition to compensatory damages, the plaintiff and others similarly situated are seeking civil penalties in an amount of $25,000 per day or whatever amount is ordered by the court for each set of violations until they have been remedied.

## COUNT IV

### (Violation of Rehabilitation Act of 1973 (29 U.S.C. 794a) and Americans with Disabilities Act (42 U.S.C. § 12133 et. seq.)

The plaintiff incorporates by reference and realleges paragraphs 1 through 15, inclusive, as if fully set forth herein.

16.     Accordingly, by the above-stated actions, Delta has violated the provisions of the Rehabilitation Action of 1973 and the Americans with Disabilities Act ("ADA") and both statutes provide for private rights/causes of action.

## COUNT V

### (Class Action)

The plaintiff incorporates by reference and realleges paragraphs 1 through 16, inclusive, as if fully set forth herein.

17.     The plaintiff brings this action as a class action pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure on behalf of all persons similarly situated (handicapped/disabled) (collectively "Class" or "Class Members").

18.     Based on information and belief, it is estimated that there are probably well in excess of 100,000 Class Members.

19.     The plaintiff's claims are typical of the claims of the Members of the Class.  The plaintiff and all members of  the Class sustained damages as a result of the wrongful conduct for which the Delta is responsible as described in this complaint.

20.     The plaintiff will fairly and adequately protect the interests of the Members of the Class and it has retained counsel competent and experienced in class action litigation.

21.     A class action is superior to other available methods for the fair and effect adjudication of this controversy.  The damages suffered by many individual Class Members are relatively small, albeit significant and the regulations passed to benefit this class are not being complied with.  The expense and burden of individual litigation makes it impractical for many Class members individually to seek redress for the wrongful conduct alleged in this action.

22.    Common questions of law and fact exist as to all Members of the Class and predominate over any questions solely affecting individual Members of the Class.    Some questions of law and fact common to the Class are:

a.    Whether Delta Air Lines are equipped to comply with the Rehabilitation Act of 1973 and the ADA as well as 14 C.F.R. Part 382; Delta's personnel's treatment of disabled people, such as but not limited to:

i)    Section 382.21, Aircraft Accessibility.  Whether at least half of the aisle seats were removable and whether the armrests were removable;

ii)    Section 382.23.  Whether the aircraft are equipped with an onboard wheelchair;

iii)    Section 382.38.  Whether Delta provides those in need of an aisle chair;

iv)    Section 382.39.  Whether Delta provides approved and appropriate chairs and movable arm rests in aisle seats to transfer disabled people to an airline seat;

v)    Section 382.40d.    Whether Delta provides boarding assistance to safeguard the safety and dignity of disabled passengers; and

vi)    Section 382.55.  Whether Delta personnel are trained in accommodating a disabled person.

b.    To assure compliance with 14 C.F.R. Part 382 in the future by Delta.

23.    The plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a Class Action and, in fact, the public policy favors this.

24.    Certifying this as a class action would resolve these issues for all potential plaintiffs without the necessity of filing individual lawsuits.  Additionally, class certification in this matter would not impose any significant burden upon the Court.

25.     In this case, the certification of the class is appropriate where the it would not complicate or delay disposition of the case and the defendant would suffer no prejudice as a result of certification and where certification would assure the class members that the defendant would not evade its responsibility in implementing any Court orders.

26.     The names and addresses of all Class Members are available from Delta covering all disabled people who flew on Delta flights during the past six (6) years and notice will be provided to Class Members via first-class mail and using other techniques with a notice approved by this court.

27.     The class period should be for six (6) years from April 10, 2002.

## PRAYERS FOR RELIEF

WHEREFORE, plaintiff, on his own behalf and on the behalf of others similarly situated (Class Members) prays for judgment as follows:

1.     Require Delta to fully comply with 14 CFR Part 382, 49 U.S.C. § 41705, 29 USC 794a and 42 U.S.C. § 12133 et. seq.

2.     Declare this action to be a Class Action.

3.     Award to the plaintiff and to all Class Members compensatory damages in an amount which may be proven at trial and actual and statutory damages, together with prejudgment interest at the maximum rate allowed by law.

4.     Award to the plaintiffs and to all Class Members treble damages.

5.     Order daily damages for each day that Delta has violated the Rehabilitation Act of 1973, the ADA as well as 14 CFR Part 382 and 49 U.C.S. § 41705.

6.     Award to the plaintiff his costs and expenses incurred in this action, including reasonable attorney, accountant and expert fees.

7.     Award to plaintiffs and to all Class Members such other and further relief as this court may deem meet, just and proper.

**THE PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

HARRAL SERGEANT, Plaintiff
By his Attorney


/s/ Evans J. Carter
Evans J. Carter, Esq. (*Admitted Pro Hac Vice*)
(BBO # 076560)
EVANS J. CARTER, P.C.
860 Worcester Road
P.O. Box 812
Framingham, MA 01701
(508) 875-1669
E-Mail:  ejcatty1@verizon.net


/s/   James R. Amendolara
James R. Amendolara, Esq.
Maine Bar No. 7271
P.O. Box 2567
Kennebunkport, ME  04046
(207) 590-5484
E-Mail:  jamendolara@caring-unlimited.org


DATED:   July 18, 2008